IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02348-PAB-STV

BENJAMIN CARTER,

    Plaintiff,

v.

MOUNTAIN VIEW FIRE PROTECTION DISTRICT, and
DAVID BEEBE, in his individual and official capacities,

    Defendants.

## ORDER

This matter comes before the Court on Defendants' Motion to Stay Proceedings (Other than Mediation) Pending the Resolution of Defendant Beebe's Qualified Immunity Appeal [Docket No. 170] and Plaintiff's Motion for an Order Certifying Defendant Beebe's Appeal as Frivolous [Docket No. 174]. Plaintiff Benjamin Carter filed a response to the motion to stay, Docket No. 173, and defendants Mountain View Fire Protection District ("the District") and David Beebe filed a reply. Docket No. 175. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### I. BACKGROUND

The facts of this case are set forth in the Court's September 30, 2025 order. *See* Docket No. 153 at 2-11. In that order, the Court ruled on the parties' motions for summary judgment, finding that defendants were liable for violation of Mr. Carter's procedural due process rights and dismissing Mr. Carter's First Amendment claims. *See generally* Docket No. 153. On Mr. Carter's procedural due process claim, the Court

found that Chief Beebe had violated Mr. Carter's clearly established procedural due process rights.  *Id.* at 13-27.  The Court found that Chief Beebe committed this violation in his role as the final decisionmaker for the District and that his decision therefore constituted municipal policy.  *Id.* at 27-28.  Thus, the Court found that *Monell* liability attached to the District.  *Id.*

The Court ordered the parties to file briefing on the issues of damages and remedies, including whether Mr. Carter is entitled to reinstatement or to a renewed termination proceeding.  *Id.* at 30.  On October 14, 2025, Mr. Carter filed his brief on these issues.  Docket No. 156.  On October 23, 2025, the parties filed a joint motion for a settlement conference with Chief Magistrate Judge Scott T. Varholak, the magistrate judge assigned to the case.   Docket No. 158.  Judge Varholak granted that motion, Docket No. 160, and scheduled a settlement conference for December 1, 2025.  Docket No. 164.

On October 30, 2025, Chief Beebe filed an interlocutory appeal to the Tenth Circuit Court of Appeals on the issue of qualified immunity.  Docket No. 163 at 1.

On November 10, 2025, defendants filed a motion to stay proceedings in this Court pending the Tenth Circuit's disposition of Chief Beebe's appeal.  Docket No. 170. On November 24, 2025, Mr. Carter filed a motion requesting that the Court certify Chief Beebe's appeal as frivolous and retain jurisdiction over the case.  Docket No. 174.

II. **ANALYSIS**

A. **Motion to Certify Appeal as Frivolous**

Mr. Carter argues that, because Chief Beebe's appeal of the Court's denial of qualified immunity is without merit, the Court should not allow the appeal to delay the proceedings at the district court level.  Docket No. 174 at 1.  Mr. Carter argues that it is

"inevitabl[e]" and "almost certain[]" that the Tenth Circuit will affirm this Court's ruling. *Id.* at 5.

"An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (internal quotations and citations omitted). The Court finds that Chief Beebe's appeal is not frivolous. A district court's finding that an appeal is frivolous would permit the Court to "retain jurisdiction and to proceed to trial absent intervention by the court of appeals." *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). However, there is a "high standard for demonstrating frivolousness." *Jackson v. Besecker*, No. 15-cv-1182-JLK, 2016 WL 9632935, at *1 (D. Colo. Oct. 26, 2016). Moreover, "[q]ualified immunity is a difficult issue." *Sanchez v. Hartley*, No. 13-cv-1945-WJM-CBS, 2014 WL 5904755, at *1 (D. Colo. Nov. 13, 2014). Mr. Carter's argument that the Tenth Circuit is unlikely to reverse this Court's ruling, Docket No. 174 at 5, does not show that defendants' appeal "utterly lack[s] legal support." *Howards v. Reichle*, No. 06-cv-01964-CMA-CBS, 2009 WL 2338086, at *4 (D. Colo. July 28, 2009); *see also Detreville v. Gurevich*, No. 21-cv-00638-PAB-MEH, 2024 WL 5213206, at *3 (D. Colo. Dec. 24, 2024). The Court will deny Mr. Carter's motion to certify the appeal as frivolous.

### B. Motion to Stay

Defendants ask that this case be stayed pending the resolution of Chief Beebe's appeal. Docket No. 170 at 1. Defendants argue that the claims against Chief Beebe and the District are both factually and legally intertwined and that a stay is therefore warranted. *Id.* at 5-9. Mr. Carter responds that his claims against the District and against Chief Beebe are independent of each other and that he will be prejudiced by any delay in the resolution of this case. Docket No. 173 at 1-2.

3

The Court finds that defendants are correct about the interconnectedness of the claims against the District and Chief Beebe.  The Court explained in its summary judgment order that *Monell* liability attached to the District based on the fact that Chief Beebe was acting as the District's final decisionmaker when he terminated Mr. Carter without sufficient due process.  Docket No. 153 at 27-28.  When the Tenth Circuit reviews Chief Beebe's appeal regarding qualified immunity, it may decide that Chief Beebe did not violate Mr. Carter's constitutional rights or it may decide that the right violated was not clearly established.  See *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017).  If the Tenth Circuit holds that Chief Beebe did not violate Mr. Carter's constitutional rights, then there will be no *Monell* liability for the District.  See *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004).

As noted by the Tenth Circuit, the "divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one."  *Stewart*, 915 F.2d at 575.  "[A]n interlocutory appeal from an order refusing to dismiss on . . . qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant."  *Id.* at 576.

A court may enter a stay of proceedings incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  Courts in this district consider the following factors (the "*String Cheese* factors") in determining whether a

4

stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Springmeadows Condo. Ass'n*, 2014 WL 7005106, at *1 (citing String Cheese Incident, LLC v. Stylus Shows, Inc., No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

The Court finds that the *String Cheese* factors weigh in favor of a stay. For the first factor – the interest of the plaintiff – Mr. Carter argues that he will be prejudiced because a stay will delay the possible reinstatement to his job and possible award of damages. Docket No. 173 at 8-9. Defendants, however, contend that Mr. Carter has an interest in not having to participate in either superfluous or duplicative proceedings. Docket No. 170 at 8. Given the interrelatedness of the claims against the District and against Chief Beebe, the Court finds that proceeding during the appeal on the claim against the District would necessarily involve Chief Beebe and that, should his appeal be unsuccessful, duplicative hearings would need to take place in order to allow Chief Beebe to defend himself in his individual capacity. Thus, because, as plaintiff concedes, further proceedings during the appeal will involve Chief Beebe, this factor weighs in favor of a stay.

As to the second factor – the burden on defendants – defendants argue that they will be burdened by having to litigate issues that could be rendered null by a reversal by the Tenth Circuit. *Id.* at 5-8. Defendants also argue that they would be burdened by having to litigate two separate sets of proceedings – one against the District and one against Chief Beebe. *Id.* The Court finds that this factor weighs in favor of a stay.

5

The Court finds that the third, fourth, and fifth factors all weigh in favor of a stay for the same reasons, as the Court and non-parties, such as witnesses and jurors, would be burdened by superfluous or duplicative litigation. Similarly, the public interest does not support a duplication of proceedings that waste judicial resources.

The Court finds that this case presents a circumstance where a stay of proceedings is warranted. Administrative closure pursuant to D.C.COLO.LCivR 41.2 may be appropriate when a case would otherwise be stayed for an indefinite amount of time. *See Garcia v. State Farm Mut. Fire & Cas. Co.*, No. 20-cv-02480-PAB-MEH, 2021 WL 4439792, at *6 (D. Colo. Sept. 27, 2021) (ruling that case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 because the appraisal proceedings would last for an indefinite period of time). Administrative closure is "the practical equivalent of a stay." *sPower Dev. Co., LLC v. Colo. Pub. Utilities Comm'n*, No. 17-cv-00683-CMA-NYW, 2018 WL 5996962, at *4 (D. Colo. Nov. 15, 2018) (quoting *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)). Since this case will be stayed for an unknown period of time pending the Tenth Circuit's ruling, the Court finds good cause to administratively close this case pursuant to D.C.COLO.LCivR 41.2, subject to being reopened for good cause shown. The Tenth Circuit's disposition of Chief Beebe's appeal will constitute "good cause."

The Court's decision to administratively close the case does not preclude Judge Varholak from holding a settlement conference between the parties.

### III. CONCLUSION

It is

**ORDERED** that Plaintiff's Motion for an Order Certifying Defendant Beebe's Appeal as Frivolous [Docket No. 174] is **DENIED**. It is further

**ORDERED** that Defendants' Motion to Stay Proceedings (Other than Mediation) Pending the Resolution of Defendant Beebe's Qualified Immunity Appeal [Docket No. 170] is **GRANTED**. It is further

**ORDERED** that this case is administratively closed pursuant to D.C.COLO.LCivR 41.2, subject to reopening upon good cause shown. It is further

**ORDERED** that the parties shall file a status report on or before **May 25, 2026**, or within 7 days after the Tenth Circuit's ruling, whichever is earlier.

DATED November 26, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge